IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KARIS NEWBARY and BRANDIE HOY, <br><br> Plaintiffs, <br><br> vs. <br><br> ENTERPRISE RAC COMPANY OF MONTANA/WYOMING, LLC; DEVIN HUTTON; JORDAN COBB; and DOE DEFENDANTS 1-3, <br><br> Defendants. | CV 21–93–M–DLC <br><br><br> ORDER |

Before the Court is Plaintiffs Karis Newbary and Brandie Hoy's Motion to Remand. (Doc. 6.) The Court will grant the motion.

Defendants removed this action to federal court on August 19, 2021. (Doc. 1.) Plaintiffs' operative state court complaint (the "FAC") at the time of removal alleged wrongful discharge under the Montana Wrongful Discharge from Employment Act ("WDFEA"), Mont. Code Ann. § 39-2-901; disability discrimination under the Montana Human Rights Act ("MHRA"), Mont. Code Ann. § 49-2-303, and Americans with Disabilities Act, 42 U.S.C. § 12101; age discrimination under the MHRA and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; and sex discrimination under the MHRA and Title

1

VII of the Civil Rights Act, 42 U.S.C. §2000e. (Doc. 4.) The FAC expressly alleged that Defendants violated federal law and sought relief under federal statutes. (*Id.* ¶¶ 42, 47, 51; *id.* at 17.)

On August 25, 2021, Plaintiffs filed their Second Amended Complaint ("SAC"). (Doc. 5.) Although the SAC continues to refer to the ADA, ADEA, and Title VII as relevant to the interpretation of Montana statutes (*id.* ¶¶ 38, 42, 44–45, 49), the SAC removed any claim for relief under any federal statute (*id.* ¶¶ 42, 47, 51; *id.* at 17–18). Plaintiffs filed a motion to remand on August 31, arguing that "Plaintiffs' SAC clarifies that the asserted claims are based solely upon Defendants' violation of state law" and "[a]ll arguably federal claims that may have existed in the FAC have been removed." (Doc. 6-1 at 5.)

Defendants respond that federal question jurisdiction existed at the time of removal, and because removal was proper based on the then-operative complaint, remand should be denied. (Doc. 9 at 2.) Defendants further argue that the SAC continues to assert violations of federal discrimination laws, and the Court should exercise supplemental jurisdiction over Plaintiffs' state-law claims. (*Id.*)

Congress enacted 28 U.S.C. § 1331 to provide federal district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case arises under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Critically here, in assessing whether federal question jurisdiction exists, the Court must "consider only 'the pleadings filed at the time of removal without reference to subsequent amendments.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)).

Plaintiffs' FAC plainly asserted claims arising under federal law because Plaintiffs alleged violations of, and sought relief under, several federal statutes: the ADA, the ADEA, and Title VII of the Civil Rights Act. (Doc. 4 at 13–17.) Indeed, Title VII itself confers federal jurisdiction over claims brought under that law, independent of 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505–06 (2006). Plaintiffs' mendacious attempt to characterize the FAC's federal claims as mere "reference[s]" to federal law (Doc. 6-1 at 8) is easily rejected. Accordingly, federal question jurisdiction existed over those claims at the time of removal.

Once federal question jurisdiction is established over some claims in an action, the Court has discretion to exercise jurisdiction over the entire action "whenever the federal-law claims and state-law claims in the case 'derive from a

common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367(a). Plaintiffs' state-law disability, age, and sex discrimination claims in the FAC easily satisfy this test because they were alleged alongside their federal counterparts and rest on the same factual allegations underlying their federal claims. (Doc. 4 at 13–16.) Plaintiffs' WDFEA claims likewise satisfy this test because they arise from the same common nucleus of operative fact—*i.e.*, Defendants' termination of Plaintiffs' employment—alleged in the FAC as their federal claims. (*Id.* at 3–10.) The values of judicial economy, convenience, and fairness to the litigants support the exercise of pendent jurisdiction over these claims because refusing to exercise jurisdiction over these claims would force the parties to litigate the facts surrounding Plaintiffs' terminations, and by extension their legality, in two courts simultaneously. *See Carnegie-Mellon Univ.*, 484 U.S. at 349. Accordingly, this Court had federal question and pendent jurisdiction over the entirety of the action when it was removed, and removal was proper.

     However, the picture has changed upon Plaintiffs' amendment of their complaint to remove any request for relief under federal law. Defendants assert that Plaintiffs continue to raise claims arising under federal law (Doc. 9 at 9–10),

but the Court disagrees. The SAC's citations to federal law concern the interpretation of corresponding state anti-discrimination laws, and Plaintiffs seek relief only under state statutes; accordingly, the SAC does not "necessarily raise[]" a federal issue as required for the exercise of federal question jurisdiction over state law claims. *Gunn*, 568 U.S. at 258; *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343–44 (9th Cir. 1996) (holding that reference to Title VII did not render claim federal where state law created the cause of action). "That the same facts could have been the basis for a Title VII claim does not make [Plaintiffs'] wrongful termination claim into a federal cause of action." *Rains*, 80 F.3d at 344.

Plaintiffs' decision to effectively voluntarily dismiss their federal claims by filing an amended complaint removing those claims does not *necessitate* remand. The Court instead has "discretion to remand when the exercise of pendent jurisdiction is appropriate." *Carnegie-Mellon Univ.*, 484 U.S. at 351. "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]" *Id.* at 350 (footnote omitted). The

5

Court may also consider "whether plaintiff has engaged in 'manipulative tactics'—i.e., is dismissing federal claims in an exercise in unprincipled forum shopping." *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002).

The Supreme Court's decision in *Carnegie Mellon* strongly suggests that the Court should remand Plaintiffs' remaining state-law claims. 484 U.S. at 350. This case is in its earliest stages; this motion to remand is the only motion that has been filed before this Court. Remand would not require relitigation of any motions or issues, and thus judicial economy would not favor retaining jurisdiction. Convenience is a neutral factor, as litigation would take place in Missoula in either court. Comity weighs strongly in favor of remand to allow the state court, rather than the federal court, to interpret and apply state law. Fairness, however, appears to weigh in favor of retaining jurisdiction; Plaintiffs' amendment of their complaint to remove all federal claims almost immediately after Defendants' removal is difficult to attribute to any motive other than an attempt to return to their preferred forum.

The Court in its discretion finds that although Defendants properly removed this case, the early stage of this case and the comity interests implicated by Plaintiffs' decision to assert only state-law claims warrant remand. *See Carnegie Mellon Univ.*, 484 U.S. at 350.

Accordingly, IT IS ORDERED that Plaintiffs' motion to remand (Doc. 6) is GRANTED. The Clerk of Court is directed to remand this case to the Montana Fourth Judicial District Court, Missoula County, Montana.

DATED this 20th day of January, 2022.

_____
Dana L. Christensen, District Judge
United States District Court